IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| PLAINTIFF(S) | ) | CIVIL ACTION No.:  9:26-cv-2114-DCN-MGB |
| Virginia Ruhmkorff | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | (Jury Trial Requested) |
| DEFENDANT(S) | ) | |
| Aletheia Marketing & Media, INC., | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Virginia Ruhmkorff, by and through undersigned counsel, brings this action against Defendant Aletheia Marketing & Media, Inc. for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and alleges as follows:

**I. INTRODUCTION**

1. This is an age discrimination case arising from Defendant's termination of Plaintiff, a 59-year-old Strategy Director, under the guise of a reduction in force.

2. Defendant told Plaintiff that her employment was being terminated because of business conditions and the need to reduce expenses.

3. But Plaintiff's work did not disappear.

4. Instead, Defendant redistributed Plaintiff's accounts and responsibilities to substantially younger employees, including younger employees Plaintiff had trained.

5. Defendant also retained less experienced and less tenured younger employees while selecting Plaintiff for termination.

6. Defendant claimed that the decision was based on workforce needs, staffing needs, performance, tenure, and budget, but those stated criteria do not explain why Plaintiff, a senior and experienced Strategy Director with no formal discipline, was selected over substantially younger underperforming employees who absorbed her work.

7. Defendant's asserted reduction-in-force rationale is therefore pretextual.

8. Plaintiff brings this action to recover the wages, benefits, liquidated damages, and other relief available under the ADEA.

9. This was not a true job elimination. It was an age-based selection decision disguised as a RIF, followed by redistribution of Virginia's work to younger employees.

## II. PARTIES

10. Plaintiff Virginia Ruhmkorff is an individual residing in Hilton Head, South Carolina.

11. Plaintiff was born in 1965 and was approximately 59 years old at the time of her termination.

12. Defendant Aletheia Marketing & Media, Inc. is a marketing and media company headquartered in Dallas, Texas.

13. At all relevant times, Defendant employed at least twenty employees and was an employer within the meaning of the ADEA.

14. Defendant employed Plaintiff remotely from South Carolina as a Strategy Director in its Healthcare division.

## III. JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the ADEA, 29 U.S.C. § 621 et seq.

16. This Court also has jurisdiction under 29 U.S.C. § 626(c).

17. Defendant knowingly employed Plaintiff as a remote employee located in South Carolina, directed work assignments and employment communications to her in South Carolina, paid her for work performed in South Carolina, and received the benefit of her labor performed from South Carolina.

18. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff worked remotely from South Carolina, suffered the effects of Defendant's unlawful employment practices in South Carolina, and Defendant employed Plaintiff in South Carolina.

19. Defendant purposefully availed itself of the privilege of conducting business in South Carolina by employing Plaintiff to perform work from South Carolina.

## IV. ADMINISTRATIVE EXHAUSTION

20.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 450-2025-06560, alleging age discrimination under the ADEA.

21.    The EEOC issued a Notice of Right to Sue on March 6, 2026.

22.    This action is timely filed within ninety days of Plaintiff's receipt of the Notice of Right to Sue.

23.    Plaintiff has satisfied all conditions precedent to filing this action.

## V. FACTUAL ALLEGATIONS

24.    Defendant hired Plaintiff on or about January 23, 2024, as a Strategy Director in its Healthcare division.

25.    Plaintiff earned an annual salary of approximately $130,000.

26.    Plaintiff performed client-facing strategy work for Defendant's healthcare accounts.

27.    Plaintiff had significant experience in marketing, strategy, client management, and account leadership.

28.    Plaintiff worked remotely from Hilton Head, South Carolina.

29.    During Plaintiff's employment, Defendant assigned her significant account responsibilities.

30.    Plaintiff was not placed on a performance improvement plan.

31.    Plaintiff was not formally disciplined.

32.    Plaintiff was not told before her termination that her employment was in jeopardy because of performance.

33.    To the contrary, Plaintiff was told by company leadership that performance was not the issue.

34.    Plaintiff was also informed shortly before her termination that she would be transitioned to new accounts.

35.    Before her termination, Plaintiff trained substantially younger employees, including employees who later assumed portions of her work.

36.     Those younger employees included Remy Bragg, who was approximately 26 years old, and Savannah Medina, who was approximately 33 years old. Defendant's own position statement identifies Ms. Bragg and Ms. Medina as substantially younger employees in the relevant healthcare strategy structure.

37.     On or about February 4, 2025, Defendant terminated Plaintiff's employment.

38.     Defendant claimed that Plaintiff was being terminated as part of a company-wide reduction in force.

39.     Defendant attributed the reduction in force to the loss of a significant client relationship.

40.     Defendant later stated that Six Flags represented approximately $5 million of Defendant's $13.1 million annual revenue in 2024.

41.     Defendant asserted that the reorganization was designed to reduce redundancy, reduce expenses, and increase operational effectiveness.

42.     Defendant further claimed that employees were selected for termination based on workforce and staffing needs, prior work performance, tenure, and budget.

43.     Those criteria, if honestly applied, should have favored Plaintiff.

44.     Plaintiff had greater experience than the substantially younger employees who absorbed her work.

45.     Plaintiff also had no formal discipline and no performance improvement plan.

46.     Defendant did not provide Plaintiff with any meaningful objective explanation for why she was selected instead of younger employees who remained employed.

47.     Although Defendant labeled Plaintiff's termination a position elimination, Plaintiff's duties were not eliminated.

48.     Plaintiff's work was redistributed among younger employees.

49.     Defendant identified Kate Barker, Remy Bragg, and Savannah Medina as employees who assumed responsibilities associated with Plaintiff's former accounts or work.

50.     Ms. Bragg was substantially younger than Plaintiff and earned materially less than Plaintiff.

51.     Ms. Medina was substantially younger than Plaintiff and also earned materially less than Plaintiff.

52.     Defendant therefore retained substantially younger, lower-paid employees while terminating Plaintiff.

53.     Defendant's assertion that Plaintiff was not "replaced" is inconsistent with the fact that her work continued and was redistributed to younger employees.

54.     Defendant also designated Plaintiff as ineligible for rehire despite characterizing her termination as a neutral reduction in force.

55.     A non-rehire designation is inconsistent with Defendant's claim that Plaintiff was separated solely because of business conditions.

56.     Plaintiff's termination occurred in the context of a reduction in force that disproportionately affected older employees.

57.     Based on Plaintiff's knowledge, a majority of employees selected for termination were over the age of forty, and several were over the age of fifty.

58.     Defendant retained substantially younger employees in comparable or related strategy functions.

59.     Defendant's stated reasons for selecting Plaintiff were false, incomplete, inconsistent, or not honestly applied.

60.     Defendant's reliance on a reduction-in-force label does not explain why Plaintiff's actual work was reassigned to substantially younger employees.

61.     Defendant's reliance on performance also does not explain why Plaintiff was never formally disciplined, never placed on a performance improvement plan, and was told performance was not the reason for her separation.

62.     Defendant's reliance on tenure does not explain why newer and substantially younger employees were retained and given Plaintiff's work.

63.     Defendant's reliance on budget does not explain why Plaintiff was made ineligible for rehire.

64.     Defendant's conduct caused Plaintiff to lose wages, benefits, career opportunities, and other employment-related compensation.

65.     Defendant's conduct also caused Plaintiff emotional distress, reputational harm, and loss of professional standing.

66.     Defendant's handbook represented that performance concerns would ordinarily be addressed through reviews, feedback, warnings, and progressive discipline. Plaintiff received

none of those before termination. Defendant's failure to use its own stated performance-management process supports an inference that performance was not the true reason for her selection.

## VI. COUNT I
### Age Discrimination in Violation of the ADEA
### 29 U.S.C. § 621 et seq.

67.     Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

68.     Plaintiff was over forty years old at all relevant times.

69.     Plaintiff was qualified for her position as Strategy Director.

70.     Plaintiff performed her job at a level meeting Defendant's legitimate expectations.

71.     Defendant terminated Plaintiff's employment.

72.     Plaintiff's age was the but-for cause of Defendant's decision to select her for termination.

73.     Defendant retained substantially younger employees and reassigned Plaintiff's work to substantially younger employees.

74.     Defendant's stated reduction-in-force rationale was pretextual.

75.     Defendant's stated selection criteria were either not actually applied, inconsistently applied, or applied in a manner designed to justify Plaintiff's termination after the fact.

76.     Defendant violated the ADEA by terminating Plaintiff because of her age.

77.     Defendant's violation was willful because Defendant knew or showed reckless disregard for whether its conduct violated the ADEA.

78.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages, lost benefits, liquidated damages, and other losses recoverable under the ADEA.

## VII. COUNT II
### Disparate Impact Under the ADEA
### 29 U.S.C. § 621 et seq.

79. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

80. Defendant claims that it maintained and applied facially neutral reduction-in-force criteria, including alleged workforce needs, staffing needs, redundancy, budget considerations, tenure, and performance.

81. Those criteria, as designed or applied, disproportionately affected employees over the age of forty, including Plaintiff.

82. Based on presently available information, a majority of the employees selected for termination were over forty, and at least several were over fifty, despite Defendant retaining substantially younger employees in comparable, related, or overlapping roles.

83. Defendant selected Plaintiff and other older employees for termination while retaining substantially younger employees who performed similar, related, or overlapping work.

84. Defendant's reduction-in-force process was not based on sufficiently objective standards, was not validated by a neutral selection matrix, and permitted subjective decision-making that adversely affected older employees.

85. Defendant's stated criteria were not job-related and consistent with business necessity as applied to Plaintiff, or, alternatively, Defendant could have achieved any legitimate business objective through less discriminatory means.

86. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff suffered lost wages, lost benefits, loss of earning capacity, and other damages recoverable under the ADEA.

87. Plaintiff requests judgment against Defendant and all relief available under the ADEA.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

a. Back pay, including lost wages, salary, bonuses, commissions, benefits, and other compensation;

b. Front pay in lieu of reinstatement;

c. Liquidated damages under the ADEA for Defendant's willful violation;

d. Prejudgment and post-judgment interest;

e. Reasonable attorneys' fees and costs;

f. Declaratory relief that Defendant violated the ADEA;

g. Such other and further relief as this Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


**RESPECTFULLY SUBMITTED:**

**The Whitsitt Law Firm**
/s Michael A. Whitsitt
Fed. Bar Number #12505
78 Folly Road Suite B9
#1405
Tele:   8435487551
Email: Michael@WhitsittLawfirm.com
Charleston, South Carolina 29407
*Attorney for Plaintiff*

May 28, 2026